```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                         EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          PLAINTIFF,            )
                               )
     v.                        )   CIVIL ACTION NO. 3:07cv813-MHT
                               )
ONE REMINGTON RIFLE, MODEL     )
7400, 30-06 CALIBER, BEARING   )
SERIAL NUMBER 8084 and         )
ONE MARLIN RIFLE, MODEL 120,   )
.22 CALIBER, BEARING SERIAL    )
NUMBER 27367587,               )
                               )
          DEFENDANTS.           )
```

<u>MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE CLAIM OF REX A. MAY, SR.</u>

Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides for the filing of a claim to the res subject to forfeiture.  It states as follows:

Rule G. Forfeiture Actions <u>In</u> <u>Rem</u>.

(5)  Responsive Pleadings.

   (a) Filing a Claim.

     (i)  A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

       (A)   identify the specific property claimed;

       (B)   identify the claimant and state the claimant's interest in the property;

       (C)   be signed by the claimant under penalty of perjury;

       (D)   be served on the government attorney designed under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Title 18, United States Code, 983(a)(4)(A) holds that:

> ....any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

On or about October 2, 2007, Rex A. May, Sr. (May) filed a document purported to be a claim. The United States moves to strike this "claim" because it is not signed by the claimant under penalty of perjury as required by law.

Rule G(5) requires that the claim be signed *by the claimant* under penalty of perjury. A claim is essential to conferring statutory standing in civil forfeiture cases. A claimant's typed signature on the claim form is not sufficient, nor is signature of counsel unless counsel verifies the matters stated, states his authority to file the claim, and has his signature notarized. United States v. $138,920.00 in U.S. Currency, 2005 WL 2211183, (S.D. Ohio 2005). A district court may require individuals to strictly comply with the rule when bringing claims. See United States v. $125,938.62, 370 F.3d 1325, 1328-29 (11th Cir. 2004).

Because May has not filed a proper claim, he lacks statutory standing in this case and cannot file any pleading. Accordingly, his claim must be stricken.

Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides for notice by publication. It states as follows:

Rule G. Forfeiture Actions In Rem.

(4) Notice.

    (a)  Notice by Publication.

        (i)  When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:

            (A)  the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or

            (B)  the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.

Publication of notice is not required if one of the exceptions in Rule G(4)(a) applies. The Rule provides that no publication is necessary if the property is of *de minimus* value or if the court finds that the cost of publication exceeds the property's value.

The exceptions apply in this case and publication is not required as the firearms are worth less than $1,000 and the cost of publication exceeds their value.

Respectfully submitted this 23rd day of January, 2008.

                  FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY

                  /s/John T. Harmon
                  John T. Harmon
                  Assistant United States Attorney
                  Bar Number: 7068-II58J
                  Office of the United States Attorney
                  Middle District of Alabama
                  131 Clayton Street
                  Post Office Box 197
                  Montgomery, Alabama 36101-0197
                  Telephone:(334) 223-7280
                  Facsimile:(334) 223-7560

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2008, I electronically filed the foregoing Motion to Strike with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/CECF participant:

Rex A. May, Sr.
171 County Road 603
Wedowee, Alabama 36278.

                  /s/John T. Harmon
                  John T. Harmon
                  Assistant United States Attorney