IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07CV813-MHT |
| | ) | |
| One Remington Rifle, Model 7400, | ) | |
| 30-06, Bearing Serial Number 8084, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The United States Marshal's office personally served Rex A. May, Sr., with notice of the present forfeiture action on September 21, 2007. (Doc. # 6). By letter to the Assistant United States Attorney prosecuting this case, May asserted an ownership interest in the defendant property. Counsel for the United States forwarded the letter to the court, and it was filed in this action on October 2, 2007. (See Doc. # 3). Two days later, May filed a claim form in this court, again asserting an ownership interest in the property. On October 5, 2007, after the court's review revealed that May's claim form was unsworn, the court advised May of the necessity for a verified claim and the methods for verifying the claim. It also notified May that, if he failed to file a verified claim by October 22, 2007, his claim may be disallowed. The court further directed May to file an answer to the complaint within twenty days after filing his verified claim. (Doc. # 9).

The time allowed by the court for filing a verified claim expired over four months ago, and May has filed neither a verified claim nor an answer. Additionally, May has not sought an extension of time to file a verified claim. On January 23, 2008, the United States filed a motion to strike the claim of Rex A. May, Sr., on the ground that it is not signed by May under penalty of perjury (Doc. # 15). Although he was twice given an opportunity to do so, May has not responded to the motion.[1]

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(8)(c)(i), provide that the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6), or because the claimant lacks standing. As noted above, May's claim is not verified. "A verified claim is a sworn notice of claim and 'is essential to confer[ring] statutory standing upon a claimant in a forfeiture action.'" U.S. v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004); see also 18 U.S.C. § 983(a)(4)(A); Supplemental Rule G(5). Because he has not filed a verified claim, May lacks standing as a claimant in this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion of the United States (Doc. # 15) to strike the claim of Rex A. May, Sr. be GRANTED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[1] The court initially allowed May until February 7, 2008 to respond to the motion. By order entered February 15, 2008, the court allowed May an additional period of time, until February 25, 2008, to file a response.

Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before March 10, 2008.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE